UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                                                                      Case No. 6:14-bk-13728-CCJ
                                                                                             Chapter 11
FUNKY MONKEY, INC.,
                                                                                             **EMERGENCY RELIEF REQUESTED**
           Debtor.
_____/                        **HEARING REQUESTED NO LATER
                                                                                             THAN MONDAY, DECEMBER 29, 2014**

## DEBTOR'S MOTION FOR AUTHORITY TO PAY
## NON-INSIDER PREPETITION WAGE CLAIMS AND REQUEST
## FOR EMERGENCY PRELIMINARY HEARING

### AND

## CERTIFICATE OF NECESSITY OF
## REQUEST FOR EMERGENCY PRELIMINARY HEARING

FUNKY MONKEY, INC. ("Debtor"), the debtor-in-possession herein, files this its *Motion for Authority to Pay Non-Insider Prepetition Wage Claims* ("Motion") and requests an emergency preliminary hearing. In support of this Motion, the Debtor respectfully represents as follows:

1. On December 22, 2014 ("Petition Date"), Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code; no trustee or creditors' committee has been appointed.

2. The Debtor continues in possession of its assets and bankruptcy estate and is operating and managing its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. Debtor is a Florida corporation established in 2007 and operates three iconic restaurant locations in Downtown Orlando and at Pointe Orlando on International Drive known as The Funky Monkey Wine Company's Nick's Italian Kitchen, The Funky Monkey Bistro & Bar, and

Divas Dinner Theatre, previously known as Bananas: A Modern American Diner.

4. The Debtor currently employs approximately forty (40) individuals on a part-time, full-time, hourly, and salaried basis that provide valuable services related to the operation of Funky Monkey (the "Employees").

5. The Debtor wishes to continue to employ all of its current Employees in its post-petition operations, which is vital to ongoing business and a successful reorganization. Moreover, the Employees rely upon their wages to meet their financial needs; without their wages, the employees could suffer financial hardship.

6. The Employees are either paid hourly or a weekly salary, as set forth in **Exhibit A** attached hereto ("Unpaid Wages"). None of the Employees are insiders or affiliates of the Debtor.

7. The Debtor requests authority to pay the pre-petition Unpaid Wages due its Employees for the period of December 15 through December 22, 2014, in the approximate amount of **$4,920.88**, on their regularly-scheduled pay date which falls, in the ordinary course of business, on December 29, 2014.

8. The Debtor anticipates having sufficient funds on hand to pay the Unpaid Wages when due. To allow the Debtor to continue its operations, it has filed a motion for authority to use cash collateral contemporaneous with this Motion. Debtor would only pay the Unpaid Wages after this Court's approval of a budget providing for the use of cash collateral in this fashion.

9. The Debtor believes that the relief requested in this Motion will provide incentive to the Employees to continue in the Debtor's employ, will avoid financial hardship to the Employees, and will help to insure smooth ongoing operation of the Debtor's business through the transition to debtor-in-possession status. None of the Employees included in this Motion will be paid an amount

in excess of the priority amount of section 507(a)(4).

10. If the Debtor does not pay the Unpaid Wages, the estate will incur a priority claim pursuant to section 507(a)(4) of the Bankruptcy Code and could potentially lose the workforce that keeps the Debtor's business operating.

## CERTIFICATE OF NECESSITY OF
## REQUEST FOR EMERGENCY PRELIMINARY HEARING

11. I HEREBY CERTIFY, as a member of the Bar of the Court, that I have carefully examined the matter under consideration and to the best of my knowledge, information and belief formed after reasonable inquiry, all allegations are well grounded in fact and all contentions are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law can be made, that the matter under consideration is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation, and there is just cause to request a consideration of the following pleading on an emergency basis: Debtor's Motion for Authority to Pay Non-insider Prepetition Wage Claims and Request for Emergency Preliminary Hearing.

12. I CERTIFY FURTHER that there is a true necessity for an emergency hearing, specifically, because the Employees are critical to the Debtor's day-to-day business operations. The Debtor requests a hearing by Monday, December 29, 2014, for the following reason: the Employees are due to be paid by December 29, 2014, for Unpaid Wages for December 15 through December 22, 2014.

13. Failure to pay the Employees on time would cause them financial hardship and could possibly lead to their voluntary termination of employment, which would adversely affect and

possibly interrupt the Debtor's business operations.

14. Debtor and its proposed bankruptcy reorganization counsel were aware prior to the Petition Date that payment of the Unpaid Wages would be an immediate issue, but could not seek the relief sought until the Petition Date.

15. The Debtor has contemporaneously filed other motions with requests for expedited hearings. The Debtor suggests that the expedited hearing on this Motion could be scheduled for hearing at the same time.

16. The Debtor estimates that approximately fifteen (15) additional minutes will be necessary for a preliminary hearing on this Motion and that a similar amount of time may be required for a final hearing.

17. As no creditors committee has been named, pursuant to Fed. R. Bankr. P. 4001(b), a copy of this Motion will be served on secured creditors and those creditors on the List of Creditors Holding Twenty (20) Largest Unsecured Claims, and notice of the hearing will be given to the same persons in such manner as the Court directs.

18. The Debtor and its counsel are prepared to appear immediately at a hearing to demonstrate that the request for an emergency preliminary hearing is not the result of Debtor or counsel's procrastination or lack of attention.

19. I CERTIFY FURTHER that the necessity of this emergency hearing has not been caused by a lack of due diligence on my part, but has been brought about only by circumstances beyond my control or that of my client. I further certify that this motion is filed with full understanding of Fed. R. Bankr. P. 9011 and the consequences of noncompliance with same.

WHEREFORE, the Debtor respectfully requests that this Court enter an order authorizing

the payment of pre-petition Unpaid Wages to the Employees as requested herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 23, 2014, a true copy of the foregoing has been sent via:

*CM/ECF to:*

US Trustee, George C. Young Federal Bldg., 400 W. Washington Street, Suite 1100, Orlando, FL 32801

*US Mail to:*

Funky Monkey Inc., 912 North Mills Ave., Orlando, FL 32803-3230
Twenty (20) largest unsecured creditors listed on the Matrix attached hereto

/s/ C. Andrew Roy
C. ANDREW ROY
Florida Bar No. 91629
email: aroy@whww.com
**WINDERWEEDLE, HAINES, WARD & WOODMAN, P.A.**
390 North Orange Avenue, Suite 1500
Post Office Box 1391
Orlando, Florida 32802-1391
Attorneys for Debtor
Telephone: (407) 423-4246
Fax: (407) 423-7014

Exhibit A

| Name | Check Number | Check Amount |
|---|---|---|
| James B | | |
| Michael S | | |
| Kendall W | | |
| Benjie N | | |
| Nathaniel C | | $39.92 |
| Tempest H | | |
| Nabile B | | $317.53 |
| Chelsay B | | $125.46 |
| Sofia B | | $71.56 |
| Charles B | | $322.47 |
| Kennedy B | | $233.35 |
| Colten C | | $251.74 |
| Gabriella C | | $144.37 |
| Scott C | | $124.89 |
| Natasha C | | |
| Corazon D | | $247.27 |
| Sean F | | $90.61 |
| Devyn G | | $77.55 |
| Arlene G | | $269.36 |
| Daniel H | | $115.09 |
| Haley H | | $139.64 |
| Sarah H | | $163.12 |
| Teresa J | | $301.86 |
| Joshua K | | $29.92 |
| Bonnie K | | $164.65 |
| Sandy L | | $556.67 |
| Benjie N | | |
| Ronald M | | |
| William M | | $33.52 |
| Daniel F M | | $153.98 |
| Steven P | | $81.17 |
| Miles P | | |
| Luis R | | $217.78 |
| Leigh S | | $33.42 |
| Kendall W | | |
| Rebecca W | | $47.39 |
| Ariel G | | $171.23 |
| Arnetta L | | $28.34 |
| Total: | | $4,553.86 |
| FOR 12/15/14 through 12/21/14 | | |

| Name | Check Number | Check Amount |
|---|---|---|
| Nabile B███ | | $30.09 |
| Charles B███ | | $53.95 |
| Kennedy B███ | | $60.21 |
| Colten C███ | | $2.98 |
| Gabriella C███ | | $39.22 |
| Scott C███ | | $13.29 |
| Teresa J███ | | $6.79 |
| Sandy L███ | | $92.35 |
| Daniel M███ | | $25.16 |
| Ariel G███ | | $42.98 |
| Total: | | $367.02 |

12/22/2014