UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

FUNKY MONKEY, INC.

Debtor.
_____/

Case No. 6:14-bk-13728-CCJ
Chapter 11

**AMENDED AFFIDAVIT OF NICHOLAS OLIVIERI IN SUPPORT OF CONFIRMATION OF THE DEBTOR'S PLAN OF REORGANIZATION**

STATE OF FLORIDA
COUNTY OF ORANGE

Before me personally appeared NICHOLAS OLIVIERI, as Vice President of FUNKY MONKEY, INC. ("Debtor"), the debtor-in-possession herein, and who, after being duly sworn, deposes and says:

### I. PLAN OVERVIEW

The Debtor's First Amended Plan of Reorganization, dated December 10, 2015 (Doc. No. 160) ("Amended Plan"), proposes a restructure of the Debtor's obligations and its continued existence as a Reorganized Debtor. The Reorganized Debtor will utilize the income it generates from its operations at its remaining location to fund the obligations under the Amended Plan. The Amended provides for the continued operations at the Debtor's current location pursuant to the settlement with Pointe Orlando, and proposes that the Debtor will continue operating at a new, comparable location that will generate the same or greater volume of revenue as its current location. Reorganization is the best possible result for creditors because a liquidation results in an approximate $20,000 recovery only for the Department of Revenue, and no other creditor.

1

## A. Status of Acceptances by Impaired Classes

The status of impaired classes under the Amended Plan is summarized in the following table which has been updated to reflect the results of votes.

| CLASS | CREDITOR | VOTE |
|---|---|---|
| 1 | Sandy Ladiero | NO VOTE |
| 2 | Secured Claims of the Orange County Tax Collector | NO VOTE |
| 3 | Secured Claim of the Dept. of Revenue | NO VOTE |
| 5 | Sysco Unsecured Claims | ACCEPT |
| 6 | Pointe Orlando Unsecured Claim | ACCEPT |
| 7 | Equity | NO VOTE |

| 4 | General Unsecured Class | Amount of Claim | Vote |
|---|---|---|---|
|   | Arvon Funding LLC | $23,396.02 | ACCEPT |
|   | Lowndes Drosdick, et al | $11,817.31 | ACCEPT |
|   | The Orlando Center, Inc. | $61,339.38 | ACCEPT |
|   |   | **$96,552.71** | ACCEPT |

## B. Treatment and Classification of Claims Under Plan

### 1. Administrative Priority Claims

Except as otherwise provided below, the Reorganized Debtor will pay to each holder of an Allowed Administrative Expense Claim (i) on the Effective Date, an amount equal to the Allowed Amount of the holder's Administrative Expense Claim, in accordance with section 1129(a)(9)(A) of the Bankruptcy Code, or (ii) under such other terms as may be agreed upon by both the holder of the claim and the Debtor, or (iii) as otherwise ordered by the Court.

The Reorganized Debtor will pay to the United States Trustee all fees and charges assessed against the Estate, through the Effective Date, under Chapter 12 of Title 28, United States Code, 28 U.S.C. §§ 1911-1930.

The Reorganized Debtor will pay Allowed Administrative Expense Claims with respect to liabilities incurred by the Debtor or the Reorganized Debtor in the ordinary course of business during the Case in the ordinary course of business in accordance with contract terms or as may be otherwise agreed upon by both the holder of the Allowed Administrative Expense Claim and the Debtor or the Reorganized Debtor.

The Administrative Claims are more particularly described as follows:

| Administrative Claimant | Anticipated Unpaid Fees Through December 10, 2015 |
|---|---|
| Averett Warmus Durkee, Debtor's accountant | $10,012.00 |
| Winderweedle, Haines, Ward & Woodman, P.A., as Debtor's Bankruptcy Reorganization Counsel | $100,000.00 |
| Pointe Orlando Development Company | Unknown (anticipated to be resolved through the Settlement) |

These Administrative Claimants have accepted different treatment than as required by the Code.

### 2. Priority Tax Claims

The Priority Tax Claims are more particularly described as follows:

| Priority Claimant | Anticipated Claim |
|---|---|
| Internal Revenue Service | $140,987.06 |
| Florida Dept. of Revenue | $104,793.14 |

The Priority Tax Claims are paid over the life of the Amended Plan pursuant to the Bankruptcy Code.

### 3. Classes of Claims

**Class 1 - Sandy Ladiero** - Class 1 consists of Claim 24 of an employee of the Debtor, Sandy Ladiero, with alleged priority pursuant to Section 507(a)(4). The claim is in the approximate amount of $3,546.04.

In full satisfaction of the Allowed Class 1 Claim, the Reorganized Debtor will pay to Sandy Ladiero, commencing in January 2016, monthly payments in the amount of $295.50 per month through November 2016 and $295.04 in December 2016.

**Class 2 - Secured Claims of Orange County Tax Collector**. The Orange County Tax Collector has filed Claims 12, 13 and 14, which are allegedly secured claims. The Orange County Tax Collector's estimated secured claims are approximately $387.27 (Claim 12), $260.74 (Claim 13), and $717.51 (Claim 14), for a total of $1,365.52. The Orange County Tax Collector's alleged secured Claims 12, 13, and 14 shall be paid in equal monthly installments of $125.19 per month beginning in January 2016 through December 2016, together with interest at the rate of 18% per annum.

**Class 3 - Secured Claim of the Florida Department of Revenue.** This Class is DELETED in the Amended Plan.

**Class 4 - General Unsecured Claims.** Class 4 consists of the Allowed general unsecured claims of creditors. Claimants in Class 4 shall receive, on account of their respective claims, a pro rata share of an annual payment during the life of the Amended Plan, which will total $100,000. Class 4 is expected to receive approximately 20% of their total allowed unsecured claims.

**Class 5 – Sysco Unsecured Claim.** Class 5 consists of the Allowed unsecured claim of Sysco. Sysco, on account of its Allowed unsecured claim, will receive a total of $14,703.72 over the life of the Amended Plan.

**Class 6 – Pointe Orlando Arrears.** Class 6 consists of Pointe Orlando Development Company's unsecured claims represented by Claims 28 and 29. Pointe Orlando will receive $0 on account of their Claims 28 and 29.

**Class 7 – Equity.** Class 7 consists of the pre-petition equity interests of the owners of the Debtor, Edward Nickell and Nicholas Olivieri. The owners will retain their equity as its was pre-petition.

## 4. Executory Contracts and Unexpired Leases

The Debtor and Pointe Orlando have come to an agreement for the limited assumption of the Debtor's lease, which allows the Debtor to continue operating at its current location until May 31, 2016 at the earliest. The agreement also waives Pointe Orlando's claims against the Debtor via a class for Pointe Orlando's claims under which Pointe Orlando will receive $0. Upon vacating the premises, Pointe Orlando will pay the Debtor $50,000, which funds will be committed to paying claims in order of priority, starting with administrative claims, but not including Pointe Orlando's administrative claim, which is anticipated to be resolved at confirmation by the settlement. It is anticipated that the Debtor will have significant cash built up when it vacates the Pointe location that it will be able to easily transition into a new location. The deal with Pointe Orlando results in a direct benefit to the Debtor and its creditors in excess of $150,000, not including the savings in administrative expenses that would have been generated in pursuing the Debtor's claims against Pointe.

## II. <u>CONFIRMATION REQUIREMENTS</u>

I have reviewed the Amended Plan with my attorneys and have determined that it complies with the Code. By way of example:

### A. <u>PLAN COMPLIANCE - SECTION 1129(a)(1)</u>

The Amended Plan complies with the applicable provisions of the Code. By way of example, the Amended Plan:

1. Designates, subject to Bankruptcy Code Section 1122, Classes of Claims and Interests;

2. Specified Classes that are not Impaired and Classes that are Impaired;

3. Specified the treatment of any Classes that are Impaired under the Plan;

4. Provides the same treatment for each Claim or Interest of a particular Class; and

5. Provides adequate means for the Plan's execution.

### B. <u>PROPONENT COMPLIANCE - SECTION 1129(a)(2)</u>

FUNKY MONKEY, INC., has complied with all applicable provisions of the Bankruptcy Code. For example, FUNKY MONKEY, INC., has solicited acceptance of the Amended Plan only in accordance with Bankruptcy Code Section 1125.

### C. <u>GOOD FAITH - SECTION 1129(a)(3)</u>

The Amended Plan has been proposed in good faith and not by any means forbidden by law. Pursuant to F.R.B.P. 3020(b)(2), the Court may determine that the Amended Plan has been proposed in good faith and not by any means forbidden by law without evidence on such issues if no objections are made to Confirmation of the Amended Plan or such are withdrawn prior to Confirmation.

### D. PAYMENTS TO PROFESSIONALS - SECTION 1129(a)(4)

The Amended Plan provides for payment of all Professionals upon Confirmation of the Amended Plan, unless otherwise agreed by the parties, to the extent that their applications for compensation for services and reimbursement of expenses have been approved by the Court. In the event any Professional's fee application is approved after the Effective Date, then such payment shall be made as soon as practicable after such Court approval. The unpaid professional fees are in the approximate amount of $110,012.00.

### E. POST CONFIRMATION MANAGEMENT - SECTION 1129(a)(5)

As set forth in the Amended Plan, the Reorganized Debtor will continue to exist after the Effective Date and continue to operate in the ordinary course of business.

### F. GOVERNMENTAL APPROVAL - SECTION 1129(a)(6)

There are no governmental regulatory commissions with jurisdiction after Confirmation of the Amended Plan whose approval is needed.

### G. BEST INTEREST OF CREDITORS - SECTION 1129(a)(7)

With respect to each Impaired Class of Claims or Interests, each Holder of a Claim or Interest of such Claim has either accepted the Amended Plan or will receive or retain under the Amended Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount such Holder would receive if Debtor was liquidated under Chapter 7 of the Code on such date. Notably, absent a reorganization, the unsecured creditors would likely receive nothing on account of their claims, as provided in the liquidation analysis attached to the Disclosure Statement.

### H. ACCEPTANCE OR REJECTION OF PLAN - SECTION 1129(a)(8)

Class 4, 5 and 6 have voted to accept the Amended Plan, and those classes are the only classes casting votes.

### I. ADMINISTRATIVE AND PRIORITY CLAIMS - SECTION 1129(a)(9)

All Administrative Expense Claims and Priority Claims are paid according to the Code, or have accepted treatment otherwise.

### J. ACCEPTANCE BY IMPAIRED CLASSES - SECTION 1129(a)(10)

Classes 4, 5, and 6 are impaired classes that have accepted the Amended Plan.

### K. FEASIBILITY - SECTION 1129(a)(11)

The Amended Plan attaches Projections which establish the feasibility of the Amended Plan.

### L. TRUSTEE'S FEES - SECTION 1129(a)(12)

The Amended Plan provides for the payment of all fees payable under 28 U.S.C. § 1930 on the Effective Date of the Amended Plan. The only fees potentially owed by the Debtor are the United States Trustee's quarterly fees.

/

/

/

/

/

/

[concludes on following page]

M.  RETIREE CLAIMS - SECTION 1129(a)(13)

There are no unsecured claims for contributions to a retiree benefit plan. The Debtor does not provide retiree benefits.

FURTHER AFFIANT SAYETH NAUGHT.

FUNKY MONKEY, INC.

By: Nicholas Olivieri, Vice President

STATE OF FLORIDA
COUNTY OF ORANGE

Sworn to and subscribed before me this 11th day of December, 2015, by Nicholas Olivieri, Vice President of Funky Monkey, Inc., who [ ] is personally known to me or [✓] has produced ___FL DRIVER LICENSE___ as identification.

Notary Public
Print Name: AIMEE ELLEN ROX
My commission expires:

AIMEE ELLEN ROX
Notary Public - State of Florida
My Comm. Expires Sep 30, 2016
Commission # EE 205841
Bonded Through National Notary Assn.

9